IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN O'NEILL,

           *Plaintiff*,

   v.

CHESTER DOWNS & MARINA, LLC d/b/a
HARRAH'S PHILADELPHIA CASINO &
RACETRACK d/b/a HARRAH'S
PHILADELPHIA, *et al.*,

           *Defendants*.

CIVIL ACTION
NO. 15-01902

## MEMORANDUM

**PAPPERT, J.**                                                                                                  September 8, 2015

        Plaintiff Brian O'Neill ("O'Neill") filed suit against Chester Downs & Marina, LLC ("Chester Downs"), Timothy Kreischer ("Kreischer"), and Greg Maxwell ("Maxwell") (collectively "Defendants") alleging violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. Before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.) For the following reasons, the Court denies the motion.

**I.**

        O'Neill was a poker dealer at Harrah's Philadelphia Casino & Racetrack[1] since it opened its poker room in 2010. (Compl. ¶ 15.) O'Neill alleges that he had extensive poker dealing experience, was an exemplary employee, and "had been promoted to dual-rate supervisor less than one year prior to his termination." (*Id*. ¶¶ 15-16.) However, O'Neill's immediate

---

[1]     O'Neill pleads that Chester Downs owns and operates Harrah's Philadelphia Casino & Racetrack. (Compl. ¶ 9.)

supervisor, Maxwell, became unhappy that O'Neill was given two days of intermittent leave per month pursuant to the FMLA to tend to his special needs stepson. (*Id*. ¶ 17.) On "at least two occasions," Maxwell expressed concern to O'Neill about his reliability, despite knowing that O'Neill's monthly absences were pre-approved by Harrah's under the FMLA. (*Id*. ¶ 18.)

On the morning of April 3, 2014, O'Neill posted to Facebook lyrics from the heavy metal song "Prayer to God" by Shellac. (*Id*. ¶ 19.) Later that afternoon, O'Neill posted the music video to the song "demonstrating that his [first] post was nothing more than verbatim quotation of the lyrics of Prayer to God." (*Id*. ¶ 20.) O'Neill claims that he "made it very clear in his post that he was simply posting lyrics, and that those lyrics had no context aside from a general expression of anger and frustration." (*Id*. ¶ 21.) Nevertheless, when O'Neill reported for his shift that evening, he was terminated by Maxwell and Kreischer for posting threats and was informed he would be placed on the company-wide "no re-hire list." (*Id*. ¶¶ 22-23.)

O'Neill alleges that Maxwell and Kreischer's reason for terminating him was pretextual because (1) his subsequent post made clear that he was merely posting lyrics to a song; (2) he was denied the ordinary board review hearing to reconsider and possibly overturn his termination;[2] and (3) Harrah's had treated Wade Allen, another casino employee, differently when he was permitted to produce and promote his "gangsta rap" CD on various social media websites and distribute his CD within Harrah's Philadelphia Casino. (*Id*. ¶¶ 26-30.) O'Neill maintains that the real reason he was terminated was retaliation for his taking two days of FMLA leave per month. (*Id*. ¶¶ 31-32.)

---

[2]   O'Neill alleges that "[o]rdinarily, Harrah's employees who suffer adverse employment actions are entitled to a board review hearing, wherein a panel comprising a representative of the affected employee, a human resources representative, and an unaffiliated supervisor reviews Harrah's actions. If a majority of the panel [] agree[, they can] overturn the adverse employment action." (Compl. ¶ 28.)

O'Neill filed his complaint on April 10, 2015, alleging interference and retaliation claims under the FMLA, as well as a state law claim for breach of contract. (ECF No. 1.) In response, Defendants filed a joint motion to dismiss, arguing solely that Chester Downs could not be held liable under the FMLA because Chester Downs was not O'Neill's employer. (Mot. Dismiss 3-4, ECF No. 4.) Rather, O'Neill was employed by Harrah's Chester Downs Management Company, L.L.C. ("Chester Downs Management Company"), an entity that is currently part of a consolidated bankruptcy action in the U.S. Bankruptcy Court for the Northern District of Illinois. (*Id*. at 4; *see also In re Caesars Entm't Operating Co.*, No. 15-bk-1145 (N.D. Ill.).) In support of their argument that O'Neill's actual employer is Chester Downs Management Company, Defendants attach to their motion a certification to that effect from Susan E. Boschee, "an Employment Law Specialist for Caesars Entertainment" ("Boschee Certification"). (Mot. Dismiss 3-4 & Ex. A.) Defendants further argue that "the individual claims against Kreischer and Maxwell must also be dismissed because they cannot be liable as agents of an entity, for employment-related claims, when that entity never employed Plaintiff." (*Id*. at 4.)

In his response to Defendants' motion, O'Neill contends that submission of the Boschee Certification at this stage is improper because it is outside the pleadings and should not be considered by the Court on a motion to dismiss. (Opp'n Mot. Dismiss 2, ECF No. 8.) O'Neill also asks that if the Court considers the Boschee Certification and converts Defendants' motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 12(d),[3] the Court grant O'Neill an opportunity to conduct discovery and rebut the veracity of the Certification. (*Id*.) Finally, "[o]ut of an abundance of caution," O'Neill attaches to his

---

[3]   Rule 12(d) states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

opposition brief his last paystub and Pennsylvania Department of State records that show that O'Neill was paid by "Harrah's Philadelphia Casino & Racetrack," which is a fictitious name owned by Chester Downs. (*Id*. at 6-7 & Exs. A-B.)

In reply, Defendants argue that the Court can consider the Boschee Certification because it is an undisputedly authentic document that is integral to the allegations in the complaint. (Reply in Supp. Mot. Dismiss 2, ECF No. 10.) Additionally, Defendants respond to the attachments to O'Neill's opposition brief by asserting that "the fact that the trade name 'Harrah's Philadelphia Casino & Racetrack' is licensed to [Chester Downs], and that Plaintiff received a paystub from 'Harrah's Philadelphia Casino & Racetrack' does not lead to the conclusion, as Plaintiff apparently seeks to do, that [Chester Downs] was Plaintiff's employer." (*Id*. at 4.)

## II.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The "mere possibility of misconduct" is not enough; the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *i.e*., sufficient facts to permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009) (quotation omitted).

The court must construe the complaint in the light most favorable to the plaintiff. *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010) (quoting *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009)). However, while all allegations contained in the complaint must be accepted as true, the court need not give credence to mere "legal

conclusions" couched as facts.  *Iqbal,* 556 U.S. at 678.  To decide a motion to dismiss, courts consider only the allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and where appropriate and necessary "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  A plaintiff's claims are based on a document if the document is "integral to or explicitly relied upon in the complaint."  *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (emphases omitted).

### III.

Because the Court did not give notice to the parties that it intended to convert Defendants' motion and consider evidence outside the pleadings, the Court exercises its discretion and declines to convert Defendants' motion to dismiss into one for summary judgment.  *See Kulwicki v. Dawson,* 969 F.2d 1454, 1462 (3d Cir. 1992) (stating that the decision to consider evidence outside the complaint and convert a motion to dismiss into one for summary judgment is generally committed to the courts' discretion); *see also Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989) ("We have held that it is reversible error for a district court to convert a motion under Rule 12(b)(6) or Rule 12(c) into a motion for summary judgment unless the court provides notice of its intention to convert the motion and allows an opportunity to submit materials admissible in a summary judgment proceeding or allows a hearing.").  Moreover, the Court cannot properly consider the Boschee Certification at this stage without converting Defendants' motion to dismiss.

Defendants argue that the Court can consider the Boschee Certification because it is an undisputedly authentic document that is integral to the allegations in the complaint.  (Reply in

Supp. Mot. Dismiss 2.)  The United States Court of Appeals for the Third Circuit has explained that when a defendant attaches an undisputedly authentic, integral document to its motion to dismiss, it may be properly considered if the plaintiff is afforded the opportunity to respond. *Pension Ben. Guar. Corp.*, 998 F.2d at 1196.  "When a complaint relies on a document, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished."  *Id*. at 1196-97.  The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document.  *Id* at 1196.  For a document to qualify under the rule, however, it must be a document "whose authenticity no party questions," that is "referred to in the plaintiff's complaint" and is "central to [plaintiff's] claim." *Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 560 (3d Cir. 2002).  The Boschee Certification does not meet these requirements.

     First, the Boschee Certification is not undisputedly authentic.  O'Neill challenges Ms. Boschee's qualifications to provide such evidence (Opp'n Mot. Dismiss 3) and disputes the veracity of the evidence itself.  (*Id*. at 6-7 (entitled "Ms. Boschee's Certification is Directly Contradicted by the Facts").)  *See Cope v. Kohler*, No. 12-cv-5188, 2015 WL 3952714, at *5 (D.N.J. June 29, 2015) ("Although Plaintiff does mention Defendant's affidavits throughout his complaint, he asserts they are not accurate representations of the events described therein and were deliberately fabricated to secure the desired results . . . . As such, the papers submitted by Defendant are not undisputedly authentic documents that may be considered by the Court without converting the motion to dismiss into a summary judgment motion.") (citing *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir. 1999)).

Second, the Boschee Certification is not referenced in O'Neill's complaint nor central to his claims. The fact that the Boschee Certification is not referenced in O'Neill's complaint is not surprising since it was created months after O'Neill filed this lawsuit. Because O'Neill could not have relied on the Boschee Certification when drafting his complaint, the Boschee Certification is not an integral document and "fall[s] outside the categories of information which we can consider in the present posture of the case." *Balush v. Independence Blue Cross*, No. 96-cv-7303, 1996 WL 741960, at *3 (E.D. Pa. Dec. 17, 1996) (citing *Pension Ben. Guar. Corp.,* 998 F.2d at 1196-97).

The Boschee Certification attests to the identity of O'Neill's employer, and O'Neill's employment relationship is a key fact in this case. As other courts have found, however, this does not lead to the conclusion that the Boschee Certification is an integral document. *See Jackson v. Alpharma Inc.*, No. 07-cv-3250, 2008 WL 508664, at *3 (D.N.J. Feb. 21, 2008) ("In support of these factual assertions, which are contrary to the allegations in the Amended Complaint, Defendant[] relies solely on the Certification of Regina Donohue . . . . Although the Court may consider a document that is integral to the complaint, that does not mean that the Court may consider any document offered to address an integral factual issue. . . . The Donohue Certification does not become 'integral to [the] Complaint' merely because it addresses a central factual issue in the Complaint.") (citations omitted).

Other courts in this Circuit have refused to consider documents like the Boschee Certification (certifications, affidavits, and verifications proffered by a defendant about a plaintiff's employment status) at the 12(b)(6) stage. For example, in *McCarron v. British Telecom*, No. 00-cv-6123, 2001 WL 632927 (E.D. Pa. June 6, 2001), the court faced the very argument Chester Downs makes here. The defendants moved to dismiss plaintiff's FMLA claim

because they maintained that British Telecom was not plaintiff's employer. *Id*. at *2. Defendants attached a declaration ("the Walsh Declaration") to their motion to dismiss attesting to the same. *Id*. The court declined to consider the Walsh Declaration and denied defendants' motion to dismiss pursuant to Rule 12(b)(6). *Id*. at *3 n.4 ("Because Plaintiff has not had an opportunity to conduct discovery regarding the allegations made by Walsh, materials outside the pleadings were not considered for the instant motion."). *Accord Daly v. Norfolk S. Ry. Co.*, No. 09-cv-4609, 2010 WL 3310715, at *2 (D.N.J. Aug. 19, 2010) ("Norfolk Southern disputes Plaintiff's assertion that Sean Daly was a sub-servant and invites the Court to consider facts and argument extrinsic to the amended complaint through the Affidavit of Maureen Severini and the Declaration of Alan Muraidekh.  For the purposes of a Rule 12(b)(6) motion, however, the Court must confine itself only to the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  Thus, viewing Plaintiff's allegations as set forth in the complaint in the light most favorable to her, the Court finds that Plaintiff has sufficiently pled that Daly was 'employed' by Norfolk Southern.") (citation omitted); *cf. Marshall v. Keansburg Borough*, No. 13-cv-0533, 2013 WL 6095475, at *8 (D.N.J. Nov. 20, 2013) ("[Defendants] cite to facts contained in a certification submitted by Defendant O'Hare, in which he states that he had retired from his position as Chief of Police as of July 1, 2010 and therefore he had no involvement with the allegations in the Complaint. . . . these facts are not contained in the Complaint or in a document that is 'integral to or explicitly relied upon in the complaint.' . . . The Court may not consider these facts at this stage of the proceedings because it would require a consideration of matters outside of the pleadings.  Therefore, Defendant O'Hare will not be dismissed from the case.")

(citations omitted).  The Court concludes that it cannot properly consider the Boschee Certification on Defendants' motion to dismiss.

Apart from the Boschee Certification, Defendants do not challenge O'Neill's complaint on any other basis.  The Court will accept the facts stated in O'Neill's complaint as true and assume that Chester Downs was his employer.  Whether Chester Downs or Chester Downs Management Company was O'Neill's employer for the purpose of the FMLA is a fact "more appropriate for development through discovery."[4]  *Daly*, 2010 WL 3310715, at *2.  Defendants' motion to dismiss is denied.

An appropriate order follows.

       /s/ Gerald J. Pappert
       GERALD J. PAPPERT, J.

---

[4] The FMLA's definition of employer is broad and includes "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year" and "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."  *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 413 (3d Cir. 2012) (citing 29 U.S.C. § 2611(4)(A)(i)-(iv)) (emphasis omitted).  The Third Circuit has stated that "Section 2611(4)(A)(ii)(I)'s inclusion of 'any person who acts, directly or indirectly, in the interest of an employer' plainly contemplates that liability for FMLA violations may be imposed upon an individual person who would not otherwise be regarded as the plaintiff's 'employer.'" *Id*.  Given this nuance in the FMLA's definition, it is not clear whether the Boschee Certification even properly addresses the factual issue of what entities or persons qualify as O'Neill's employer under the statute and the Court is further convinced that discovery is necessary to resolve the dispute.